**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4021

_____

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

CLIFFORD ALEXANDER JENNINGS, a/k/a Big Cliff, a/k/a Wolverine, a/k/a Ethiopia, a/k/a Certified, a/k/a Mr. Certified,

 Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, Senior District Judge. (2:17-cr-00150-RAJ-RJK-3)

_____

Submitted: September 27, 2022                     Decided: September 30, 2022

_____

Before AGEE, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Jacqueline R. Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifford Alexander Jennings appeals his 96-month sentence imposed on resentencing following his conviction by a jury of seven counts of distribution of heroin (Counts 12 to 16, 21, and 22), in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a convicted felon (Count 24), in violation of 18 U.S.C. §§ 2, 922(g)(1); and transfer of a firearm to a prohibited person (Count 25), in violation of 18 U.S.C. § 922(d)(1). Jennings argues that the district court imposed a procedurally and substantively unreasonable sentence by running the terms of imprisonment imposed for Counts 24 and 25 consecutively to the sentence he previously received in the Western District of Virginia ("Western District") on related counts. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first review the sentence for significant procedural error, such as incorrectly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the sentence imposed. *United States v. Friend*, 2 F.4th 369, 379 (4th Cir.), *cert. denied*, 142 S. Ct. 724 (2021).

Notably, "[a] district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "The adequacy of the sentencing court's explanation depends on the complexity of each case and the facts and arguments presented." *United States v. Torres-Reyes*, 952 F.3d 147, 151

2

(4th Cir. 2020) (internal quotation marks omitted).  Generally, an "explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (cleaned up).  "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (cleaned up).

If we find no procedural error, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).  We presume that a sentence within or below the Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018).  A defendant can rebut that presumption "by showing that the sentence is unreasonable when measured against the [§ 3553(a)] factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that the court's decision to run the sentences for Counts 24 and 25 consecutively to the sentence from the Western District was both procedurally and substantively reasonable. District courts "have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that . . . have been imposed in other proceedings," *Setser v.*

*United States*, 566 U.S. 231, 236 (2012), provided that they consider the 18 U.S.C. § 3553(a) factors in doing so, *see* 18 U.S.C. § 3584(b); *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019). Although the district court did not make explicit findings regarding the applicable Guidelines provisions, we conclude that the court's decision to run the sentences consecutively did not conflict with those provisions—particularly in light of Jennings' successful objections on the issue of relevant conduct. *See* U.S. Sentencing Guidelines Manual § 5G1.3(d) & cmt. n. 2(A) (2018).

More fundamentally, "because the Guidelines are advisory, a district court is not obligated to impose a concurrent sentence pursuant to USSG § 5G1.3" if its exercise of discretion is adequately supported by the applicable sentencing factors. *See Lynn*, 912 F.3d at 217. Contrary to Jennings' argument, the district court provided a thorough, individualized explanation for its sentencing decision, grounded in relevant 18 U.S.C. § 3553(a) factors. That explanation was adequate both to permit meaningful appellate review and to demonstrate the district court's reasoned basis for exercising its decisionmaking authority, including its decision to impose a partially consecutive sentence. The district court expressly acknowledged Jennings' lengthy sentence from the Western District and the relation between that offense conduct and his instant offenses of conviction. It discussed its obligation to craft a sentence appropriate under § 3553(a), emphasizing the need to deter Jennings and to protect the public, while balancing Jennings' offense conduct and extensive criminal history against his sentence from the Western District. The district court's statements, including its repeated emphasis on Jennings' prior

4

sentence, reveal that it considered and was partially persuaded by Jennings' argument for a concurrent sentence.

Jennings asserts that Counts 24 and 25 were fully encompassed by a Guidelines enhancement and upward variance imposed in the Western District. We disagree. The Guidelines enhancement required only Jennings' possession of a firearm in connection with his drug offense. *See* USSG § 2D1.1(b)(1). In contrast, Counts 24 and 25 account for Jennings' prohibited status and transfer of a firearm to a prohibited person, independent of any contemporaneous drug activity. Relatedly, although our review of the record confirms that the Western District referenced Jennings' involvement with firearms as a factor supporting its upward variance, it does not suggest that the salient aspects of Counts 24 and 25—Jennings' prohibited firearm possession and transfer—were material to the Western District's sentencing decision.

Considering the totality of the circumstances, we conclude that the district court acted within its broad discretion in concluding that Jennings' firearm offenses in Counts 24 and 25 warranted an additional active prison term beyond that imposed for the drug conspiracy in the Western District. And, in view of the district court's detailed § 3553(a) calculus, we conclude that Jennings fails to rebut the presumption of reasonableness afforded his sentence. *See Zelaya*, 908 F.3d at 930; *Louthian*, 756 F.3d at 306.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5